**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDI PETERSEN,

    Plaintiff,

    v.

JUDGE BARRY BRADY, et al.,

    Defendants.
_____/

No. C 05-2185 PJH

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS**

    Pro se plaintiff Randi Peterson filed this action on May 27, 2005, alleging discrimination and retaliation, in violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Americans With Disabilities Act, 42 U.S.C. § 12131; alleging violation of her rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution, under 42 U.S.C. § 1983;[1] and also alleging state law claims of intentional infliction of emotional distress and discrimination in violation of public policy.  Defendants are the Honorable Barry Brady, and the Honorable Thomas Maddock, both judges at the Superior Court of California, County of Contra Costa.  Also named as a defendant is the Contra Costa

---

[1] The third cause of action alleges a violation of "the Equal Protection Clause of the 1st, 4th, and 14th Amendments of the United States Constitution."  Cplt ¶ 33.  As the First and Fourth Amendments do not include an "equal protection" provision, the court interprets this as a claim under the Fourteenth Amendment only.

1  Superior Court.  In addition, plaintiff alleges various claims against a Judge Baskin, also on
2  the Contra Costa Superior Court.[2]

3  According to the allegations in the complaint, plaintiff is involved in a dispute with her
4  former husband regarding the custody of their children.  Plaintiff asserts that after Judge
5  Baskin scheduled a custody trial for April 7, 2005, she (plaintiff) attempted to obtain a
6  continuance and leave to serve discovery on her ex-husband.  She claims that Judge Baskin
7  denied her request to propound discovery prior to the trial, and that when she complained to
8  Judge Maddock (the Presiding Judge), she received no response.  Plaintiff asserts that
9  Judge Baskin blocked her access to the court by imposing a "barrier" (denying her requests),
10 by failing to respond to her requests for a new trial date, and by refusing to accept mail or
11 filings that were not accompanied by a certificate of service on her ex-husband.  Plaintiff
12 alleges that these acts were taken in retaliation because plaintiff had exercised her right of
13 opposing discrimination by filing civil lawsuit on March 4, 2005, against the Contra Costa
14 Superior Court for past retaliation and discrimination against her and her disabled children.

15 Plaintiff seeks leave to proceed in forma pauperis (IFP).  Because the court finds that
16 the complaint must be dismissed under 28 U.S.C. 1915(e)(2), the request for leave to
17 proceed IFP is DENIED.

**DISCUSSION**

A.   Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed IFP, the court may dismiss a case if the court determines that the party applying for IFP status has filed a frivolous action, or that the complaint fails to state a claim, or seeks monetary damages from defendants who are

---

[2] Plaintiff does not list Judge Baskin as a defendant in the caption of the complaint, and does not identify Judge Baskin in the section of the complaint labeled "Defendants," but alleges in the "Statement of Facts" that Judge Baskin retaliated against her after she filed a lawsuit against the Contra Costa Superior Court.

immune from suit. 28 U.S.C. § 1915(e)(2); see also Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in facts or law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990). Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Id. at 324. Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B.   Analysis

The court has carefully reviewed the complaint, and finds that it constitutes an impermissible attempt to collaterally attack state court custody proceedings, and that the claims against Judges Brady, Maddock, and Baskins must be dismissed because those defendants are immune from suit. In the absence of viable claims against the defendant judges, the claims against the Superior Court must also be dismissed.

1.   State court custody proceedings

Plaintiff's claims are based on her dissatisfaction with rulings by the defendant Superior Court judges involved in the adjudication of a dispute between plaintiff and her former husband regarding the custody of their children. Thus, plaintiff's claims are essentially "nothing more than an impermissible collateral attack on prior state court decisions," Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995), and lie outside this court's subject matter jurisdiction. It is irrelevant in such a case whether federal constitutional issues are at stake. Id. at 291.

1    In addition, the Supreme Court has held that federal courts do not have jurisdiction over
2 cases involving divorce, alimony, or child custody. Ankenbrandt v. Richards, 504 U.S. 689,
3 703-04 (1992) (domestic relations exception is judicially created doctrine that "divests the
4 federal courts of power to issue divorce, alimony and child custody decrees"); see also
5 Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (federal courts lack jurisdiction over
6 local matters such as child custody disputes). In the Ninth Circuit, district courts must refuse
7 jurisdiction over claims where the primary issue concerns child custody issues or the status of
8 parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir.1987);
9 Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir.1982).

10   Here, while plaintiff asserts claims of constitutional violations and disability
11 discrimination and retaliation, those claims have no independent significance under the facts
12 alleged, apart from her challenge to the Superior Court's handling of the custody dispute – that
13 is, her assertion that court rulings regarding discovery, requests for continuances, and other
14 procedural matters violated her constitutional rights, were retaliatory, and created "barriers" to
15 her ability to "access" the court. However, none of these allegations transforms plaintiff's case
16 from a dispute relating to child custody into an action for violation of civil rights. While plaintiff
17 asserts that Judges Brady, Maddock, and Baskin deprived her of access to the judicial
18 system, she is in actuality simply attempting to challenge the rulings that were made during the
19 course of that child custody dispute.

20   In California, parents in child custody or dependency proceedings can appeal or
21 otherwise challenge the legality of the proceeding itself. See, e.g., Cal. Civil Code § 238, Cal.
22 Welf. & Inst. Code § 395, 800. Parents can seek custody orders in the California Superior
23 Court that has jurisdiction over the child, can seek agency review, and can file a suit in state
24 court. Mazur v. Shelton, 637 F.Supp. 330, 335-36 (N.D. Cal. 1986). If plaintiff is dissatisfied
25 with the outcome of the custody proceedings involving her children, her remedy, if any, lies in
26 state court.

27   2.   Judicial immunity
28   Moreover, Judges Brady, Maddock, and Baskin are immune from suit. The Supreme

4

Court has conclusively granted absolute immunity to judges from damage liability for acts of a judicial nature. Forrester v. White, 484 U.S. 219, 227-229 (1988); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-55 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump, 435 U.S. at 356-37; see also Forrester, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); Mireless v. Waco, 502 U.S. 9, 12 (1991).

Here, plaintiff challenges discovery and other pretrial procedural rulings. The claims against the defendant Superior Court judges are based on "judicial acts" – acts performed in his or her official capacity as a judge presiding over the custody proceedings involving plaintiff's children – and are therefore barred by judicial immunity.

## CONCLUSION

Because the court lacks jurisdiction over the subject matter of the complaint, the must be dismissed under 28 U.S.C. § 1915. The court finds further that repleading will not cure the deficiencies in the complaint. Accordingly, the dismissal is WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: August 16, 2005

PHYLLIS J. HAMILTON
United States District Judge

5